UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOLOMON ADU-BENIAKO,

    Plaintiff,

v.

MEDICAL BOARD OF CALIFORNIA,
CHERYL WYKOFF PEZON, MICHIGAN
DEPARTMENT OF LICENSING AND
REGULATORY AFFAIRS, AMERICAN
MEDICAL ASSOCIATION, PATRICK
REIMANN, and DETROIT DRUG
ENFORCEMENT AGENCY,

    Defendants.
_____/

Case No. 2:21-cv-11329
District Judge David M. Lawson
Magistrate Judge Kimberly G. Altman

**REPORT AND RECOMMENDATION TO DISMISS THIS MATTER *SUA SPONTE* FOR LACK OF SUBJECT MATTER JURISDICTION, AND DENY DEFENDANTS' MOTION TO DISMISS (ECF No. 21) AS MOOT**

I.  Introduction

Plaintiff Solomon Adu-Beniako, M.D., proceeding *pro se*, filed a complaint naming the following as defendants: (1) Medical Board of California; (2) Cheryl Wykoff Pezon; (3) Michigan Department of Licensing and Regulatory Affairs (LARA); (4) American Medical Association; (5) Patrick Reimann; and (6) Detroit Drug Enforcement Agency (DEA).  The complaint contains the following counts,

1

as phrased by Adu-Beniako: (1) Defamation Per-Se, Libel Per- Se, Slander, and (2) Perjury and Tampering with Evidence.

On August 3, 2021, all pretrial matters were referred to the undersigned. (ECF No. 18). On August 5, 2021, the undersigned issued an order to show cause as to why the matter should not be dismissed for lack of federal subject matter jurisdiction. (ECF No. 19). Specifically, the undersigned noted the lack of a true federal question on which to base jurisdiction, as well as incomplete diversity of the parties. (*Id*.). Adu-Beniako responded to the show cause order. (ECF No. 22). Additionally, LARA and Pezon have filed a motion to dismiss, contending that subject matter jurisdiction is lacking and the complaint fails to state a plausible claim for relief. (ECF No. 21).[1]

For the reasons that follow, the undersigned recommends that the matter be dismissed *sua sponte* for lack of federal subject matter jurisdiction, and that LARA and Pezon's motion to dismiss be denied as moot.

## II.  Background

### A.  The Complaint

The allegations of the complaint were summarized as follows in the undersigned's Order to Show Cause as follows:

---

[1] This motion was filed in lieu of an answer, which was required to be filed by August 23, 2021. (ECF No. 8).

> In broad terms, the complaint alleges that Cheryl Wykoff Pezon and the Michigan Department Of Licensing And Regulatory Affairs maliciously produced libelous statements regarding the frequency at which Adu-Beniako prescribed certain drugs and that they tampered with evidence and committed perjury in an administrative complaint brought against him. (*Id.*). These statements were made to the Medical Board of California, which knowingly published the information along with the American Medical Association. (*Id.*). Patrick Reimann and the Detroit Drug Enforcement Agency are also accused of publishing the statements. (*Id.*).
>
> Adu-Beniako appears to assert that the Court has both federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. (ECF No. 1, PageID.4-5).

(ECF No. 19, PageID.78).

### B. The Show Cause Order

In examining the Court's jurisdiction for Adu-Beniako's claims, the undersigned first noted that for federal question jurisdiction, Adu-Beniako cited 28 U.S.C. § 4101, a federal statute containing a definition of defamation. (*Id.*, PageID.79). But this definition pertains to an inapplicable statute, and defamation is not a federal statutory cause of action. *Rovetto v. Dublirer*, No. 20CV2497JMVMF, 2020 WL 7022667, at *9 (D.N.J. Nov. 30, 2020) (citing *Kaul v. Christie*, No. 16-2364, 2017 WL 2953680, *20 (D.N.J. June 30, 2017)); *see also Johnson v. Aspirus Corp.*, No. 2:18-CV-213, 2019 WL 3043032, at *3 (W.D. Mich. Feb. 20, 2019), *report and recommendation adopted,* No. 2:18-CV-213, 2019 WL 2240291 (W.D. Mich. May 24, 2019) ("defamation is a state law claim.").

3

The undersigned next examined Adu-Beniako's perjury and tampering claims:

> These claims arise under criminal law which do not give rise to a private right of action. *See Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) ("Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress."). "Where a statute does not include this sort of explicit 'right- or duty-creating language,' [courts] rarely impute to Congress an intent to create a private right of action." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284 (2002); *see also, e.g., United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (holding that plaintiff had no private right of action under either criminal statute 18 U.S.C. §§ 241 or 242). To the extent that Adu-Beniako's citation of criminal statutes might be read to seek the initiation of criminal charges, the "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors[.]" *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case[.]"); *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) ("[A]s a private citizen, Williams has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts.").

(*Id.*, PageID.79-80).

From there, the undersigned examined Adu-Beniako's claim of diversity jurisdiction, noting that there was not complete diversity of the parties due to Adu-Beniako and multiple defendants residing in the state of Michigan. (*Id.*, PageID.80-81). "As no plaintiff may be a citizen of the same state as any defendant to maintain diversity jurisdiction, diversity jurisdiction appears to be lacking." (*Id.*, PageID.81).

4

Finally, the undersigned noted that this was not the first case Adu-Beniako has filed in this district regarding his medical license in which the issue of subject matter jurisdiction has been raised:

> In *Adu-Beniako v. Cross*, he sued a medical assistant at a clinic where he used to work. No. 2:20-CV-12187, 2020 WL 7346212, at *2 (E.D. Mich. Nov. 20, 2020), *report and recommendation adopted,* 2020 WL 7338560 (E.D. Mich. Dec. 14, 2020). Like here, one of his claims "seemed to rest in a common law claim for defamation, which should be litigated in state court." *Id*. His other claims lacked a basis in federal law or sounded in criminal law. *Id*. at *2. That case was ultimately dismissed for lack of subject matter jurisdiction. *Id*.
>
> Adu-Beniako also separately sued Reimann and the Drug Enforcement Agency based on the same facts as here, alleging failure to investigate, perjury, and challenging the revocation of his license. *Adu-Beniako v. Patrick Reimann, et al*., 4:20-cv-12402-MFL-DRG. A Report and Recommendation to dismiss the case for lack of subject matter jurisdiction is currently pending in that case.

(*Id*., PageID.81-82).

### III.  Legal Standard

"[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine,* 415 U.S. 528, 536–37 (1974)).

Moreover, a federal court is always "under an independent obligation to examine their own jurisdiction," *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990), and a federal court may not entertain an action over which it has no jurisdiction. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). Indeed, a court is required to dismiss an action at any time if it lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *See Wagenknecht v. United States*, 533 F.3d 412, 416 (6th Cir. 2008) ("a district court may *sua sponte* dismiss an action when it lacks subject matter jurisdiction.").

The Court must read *pro se* complaints indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## IV.  Analysis

In response to the Order to Show Cause, Adu-Beniako contends that he "has met the minimal diversity required," but for the reasons in the Court's order summarized above, he has failed to establish complete diversity as required under 28 U.S.C. § 1332 as it has been interpreted by the Supreme Court. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Adu-Beniako states that Congress is free to make exceptions to the complete diversity requirements and lists three exceptions, but does not attempt to show that any of the exceptions are applicable

here. (ECF No. 22, PageID.124). In the undersigned's view, there is no applicable exception to the complete diversity requirement, and Adu-Beniako has failed to show cause that his complaint should not be dismissed for a lack of diversity jurisdiction.

After a lengthy summary of his allegations, Adu-Beniako asserts that the Court has subject matter jurisdiction over his claims under 28 U.S.C. § 1331 "because the claims arise under the laws of the United States." (*Id.*, PageID.131). However, as explained in the Order to Show Cause, Adu-Beniako has failed to state a federal claim. His claim of defamation sounds entirely in state law, and his claims of perjury and evidence tampering are criminal claims that must be pursued by a prosecutor. Though Adu-Beniako proceeds *pro se*, "courts may not rewrite a complaint to include claims that were never presented ... nor may courts construct the Plaintiff's legal arguments for him.... [N]either may the Court 'conjure up unpled allegations[.]' " *Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009).

Finally, Adu-Beniako contends that jurisdiction is proper because the United States is a party. (ECF No. 22, PageID.124, 131). Adu-Beniako has alleged jurisdiction based on Patrick Reimann and the DEA being "federal employees." Read liberally, this could be construed as a claim under the Federal Tort Claims Act (FTCA), under which the federal district courts have exclusive jurisdiction.

7

*See* 28 U.S.C. § 1346(b)(1), 28 U.S.C. § 2674. But the FTCA serves to waive the sovereign immunity of the United States with respect to tort claims, and there are exceptions to this waiver, including libel and slander. 28 U.S.C. § 2680(h). This means that federal agencies and officers are immune to claims of defamation, and such claims are properly dismissed for lack of subject matter jurisdiction. *See Singleton v. United States*, 277 F.3d 864, 872 (6th Cir. 2002), *overruled on other grounds by Hawver v. United States*, 808 F.3d 693 (6th Cir. 2015); *Tyson v. United States*, No. 10-13693, 2011 WL 2607089, at *2–3 (E.D. Mich. June 30, 2011). As such, Adu-Beniako has not established jurisdiction on this basis.

## IV. Conclusion

For the reasons stated above, the undersigned recommends that the matter be DISMISSSED *sua sponte* for lack of federal subject matter jurisdiction, and that LARA and Pezon's motion to dismiss (ECF No. 21) be denied as moot.


Dated: September 1, 2021  　　　　　　　　　s/Kimberly G. Altman
Detroit, Michigan  　　　　　　　　　　　　　KIMBERLY G. ALTMAN
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge


## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 1, 2021.

s/Marie E. Verlinde<br>
MARIE E. VERLINDE<br>
Case Manager