UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOLOMON ADU-BENIAKO,

        Plaintiff,

v.

MEDICAL BOARD OF CALIFORNIA,
CHERYL WYKOFF PEZON, MICHIGAN
DEPARTMENT OF LICENSING AND
REGULATORY AFFAIRS, AMERICAN
MEDICAL ASSOCIATION, PATRICK
REIMANN, AND DETROIT DRUG
ENFORCEMENT AGENCY,

        Defendants.

Case Number 21-11329
Honorable David M. Lawson
Magistrate Judge Kimberly G. Altman

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION,
OVERRULING OBJECTIONS, SUMMARILY DISMISSING THE COMPLAINT,
AND DISMISSING THE MOTION TO DISMISS AS MOOT**

The plaintiff filed a *pro se* complaint alleging that the defendants maliciously published libelous statements about the frequency at which the plaintiff, a physician, prescribed certain drugs, tampered with evidence, and committed perjury in an administrative complaint brought against him.  The case was referred to Magistrate Judge Kimberly G. Altman to conduct all pretrial proceedings.  Magistrate Judge Altman immediately issued an order for the plaintiff to show cause as to why the matter should not be dismissed for lack of subject-matter jurisdiction.  Two of the defendants, Cheryl Wykoff Pezon and the Michigan Department of Licensing and Regulatory Affairs, also filed a motion to dismiss on that basis.  The plaintiff responded to the show-cause order, and on September 1, 2021, Magistrate Judge Altman issued a report recommending that the complaint be dismissed *sua sponte*.

The plaintiff filed timely objections to the report, which the Court has reviewed *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v.*

*Walters*, 638 F.2d 947 (6th Cir. 1981). The plaintiff's objections, however, do not suggest any basis for the Court to exercise federal judicial power over this dispute. The Court therefore will overrule the objections, adopt the magistrate judge's recommendation, dismiss the case, and dismiss the defendants' motion to dismiss as moot.

I.

The plaintiff filed his complaint on June 7, 2021. He alleges that the Michigan Department of Licensing and Regulatory Affairs (LARA) and Cheryl Pezon maliciously produced and spread fictious information about him, including that he sold, gave away, and improperly administered drugs. He also alleges that LARA and Pezon tampered with an administrative complaint about him and that the Medical Board of California, American Medical Association, Patrick Reimann, and the Detroit Drug Enforcement Agency (DEA) knowingly used this tampered complaint to maliciously publish defamatory material about him online. He states that the defamation harmed his reputation and the reputation of his business, and brings two claims to remedy that harm, one for "defamation per se- libel per se / slander se" and another for "perjury and tampering with evidence." On a preprinted form attached to his complaint, he indicated that the basis for federal jurisdiction over his case was "Diversity."

II.

"Federal courts are courts of limited jurisdiction" and only have "the authority to decide cases that the Constitution and Congress have empowered them to resolve." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Because the "lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile," *Brown v. Francis,* 75 F.3d 860, 864-65 (3d Cir. 1996) (citations omitted); *see also Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit,* 874 F.2d 332, 339 (6th Cir. 1989),

the Court has an independent duty to determine its power and authority to proceed, *Douglas v. E.G. Baldwin & Assocs., Inc.,* 150 F.3d 604, 607 (6th Cir. 1998) (reiterating that "[q]uite aside from whether the parties raise jurisdictional issues themselves — or even attempt to consent or agree to federal jurisdiction — federal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction").

When reviewing a complaint filed by a person proceeding without an attorney, the Court affords considerable latitude when applying the general pleading and procedural requirements. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). An unrepresented party's papers are held to "less stringent standards" than a complaint drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But a federal court may not entertain an action if it lacks jurisdiction. Fed. R. Civ. P. 12(h)(3); *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982).

Even construing his *pro se* complaint generously, the plaintiff has not established that the Court has subject-matter jurisdiction over this dispute. A federal court has the authority to adjudicate controversies "arising under" federal law, that is, that involve a substantial federal question. 28 U.S.C. § 1331. But the plaintiff's defamation claim is based entirely in state law. The plaintiff makes reference to 28 U.S.C. § 4101, an unrelated statute regarding foreign defamation judgments. *See* 28 U.S.C. §§ 4102-03. However, that statute does not provide a federal cause of action for defamation. Likewise, there is no federal civil cause of action for perjury or evidence-tampering. Those claims would be criminal matters that must be brought by a federal prosecutor. *See United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Am. Postal Workers Union, AFL-CIO, Detroit Loc. v. Indep. Postal Sys. of Am.,* 481 F.2d 90, 93 (6th Cir.

1973) ("[T]he general rule is that criminal statutes can only be enforced by the proper authorities of the United States Government and a private party has no right to enforce these actions.").

Federal courts may entertain certain disputes between citizens of different states. 28 U.S.C. § 1332. The plaintiff, however, has not shown that this case qualifies as one of them. Contrary to his assertions, the diversity of citizenship must be complete: federal diversity jurisdiction "exists only when no plaintiff and no defendant are citizens of the same state." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999) (citing *United States Fidelity & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992)); *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (holding that a federal court has jurisdiction under 28 U.S.C. § 1332 only if there is "complete diversity between all plaintiffs and all defendants" (citing *Strawbridge v. Curtiss*, 3 Cranch 267 (7 U.S. 267) (1806)). The plaintiff has not shown complete diversity. He and four of the defendants – LARA, Pezon, Reimann, and the Detroit DEA – all are citizen of Michigan. Moreover, although the plaintiff is correct that Congress is free to make exceptions to the complete-diversity requirement, it has not made any exceptions that apply to this case. None of the three statutes the plaintiff cites in his objections permit the Court to exercise jurisdiction based on minimal diversity here. *See* 28 U.S.C. § 1332(d) (permitting minimal diversity in certain class actions); 28 U.S.C. § 1335 (permitting minimal diversity in certain interpleader actions); 28 U.S.C. § 1369 (permitting minimal diversity in certain multiparty actions "aris[ing] from a single accident, where at least 75 natural persons have died").

The plaintiff's objections do nothing to refute the magistrate judge's contention that the plaintiff's complaint does not fall within the Court's adjudicatory authority. The Court therefore will dismiss his complaint.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation (ECF No. 23) is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections (ECF No. 27) are **OVERRULED**.

It is further **ORDERED** that the plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that defendants LARA's and Pezon's motion to dismiss (ECF No. 21) is **DISMISSED AS MOOT**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: September 30, 2021